IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 09-43-SLR |
| | : | |
| PAUL E. PAVULAK, | : | |
|     Defendant. | : | |

DEFENDANT PAVULAK'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

AND NOW comes the defendant, Paul E. Pavulak, by his attorney Luis A. Ortiz, Assistant Federal Public Defender, and files this Memorandum of Law in Support of his Motion to Dismiss Count One of the Indictment.

In the case of *United States v. Roderick Jamison*, Criminal No. 09-20-SLR, defendant moved to dismiss an indictment charging failure to register under 18 U.S.C. § 2250(a). Defendant argued that both the civil and criminal SORNA statutes exceeded Congressional authority under the Commerce Clause. By memorandum and order filed August 25, 2009, this Court denied the motion to dismiss, finding that both statutes were within the scope of Congress's Commerce Clause authority. See *United States v. Jamison,* _____ F.Supp. 2d _____, 2009 WL 2601382 (D. Del. 2009) (Robinson, J.).

This motion presents the same claims which were at issue in *Jamison*, and this Court may well choose to adopt the rulings issued in *Jamison*. It is nonetheless necessary, for purposes of appellate review, that Mr. Pavulak set forth his arguments in support of the Motion to Dismiss Count One of the Indictment.

1. Constitutionality of 42 U.S.C. § 16913

Under the civil SORNA statute at 42 U.S.C. § 16913(a), a sex offender "shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." Because this duty to register is not conditioned upon proof of prior interstate travel, or proof of a nexus to interstate commerce, defendant argues that § 16913 exceeds Congressional authority under the Commerce Clause.

Defendant further argues that the unconstitutionality of 42 U.S.C. § 16913 requires dismissal of the "failure to register" charge at 18 U.S.C. § 2250(a).  Under section 2250(a)(1), the government has the burden of proving that, before his interstate or foreign travel, the defendant was "required to register" under SORNA.  The civil statute at 42 U.S.C. § 16913 sets standards for when a sex offender is "required to register."  If the registration statute at 42 U.S.C. § 16913 is found to be unconstitutional, the government will be unable to prove the first element of the criminal offense, to-wit, that defendant was "required to register" under § 16913.  Defendant therefore seeks an Order of Court dismissing Count One of the indictment.

Defendant's challenge to the constitutionality of 42 U.S.C. § 16913 has not been considered by either the Supreme Court or the Third Circuit. His constitutional challenge has been considered, and rejected, in published decisions from the Fifth, Eighth and Eleventh Circuits.  See *United States v. Howell,* 552 F.3d 709, 713-717 (8th Cir. 2009), and *United States v. Ambert,* 561 F.3d 1202, 1211-12 (11th Cir. 2009).  See also *United States v. Whaley*, _____ F.3d _____, 2009 WL 2153651, *4-5 (5th Cir. 2009) (adopting *Howell* and *Ambert* analysis).  In upholding convictions under 18 U.S.C. § 2250(a), these courts find that the civil registration statute at 42 U.S.C. § 16913 is constitutional under the Necessary and Proper Clause at Article I, Section 8, Clause 18.

The *Howell* and *Ambert* decisions rest upon the following three-part analysis: first, the regulation of sex offenders who travel in interstate commerce is deemed to be a matter within Congress's authority under the Commerce Clause.  Second, the civil registration statute at 42 U.S.C. § 16913 is found to be a component of a statutory scheme having this approved constitutional object. Third, because 42 U.S.C. § 16913 is "necessary and proper" to the achievement of a constitutional goal, the civil statute is deemed constitutional under the Necessary and Proper Clause.  This analysis was applied by Chief Judge Sleet in *United States v. Pendleton,* _____ F.3d _____, 2009 WL 320546 (D. Del., February 10, 2009), and by this Court in *United States v. Jamison*, _____F.Supp.2d _____, 2009 WL 2601382 (D. Del. 2009).

Defendant must respectfully desagree with the above-described analysis. Defendant asserts that *Howell* and *Ambert* violate a long-standing tenet of Supreme Court jurisprudence under the Necessary and Proper Clause, to-wit, that constitutionally permissible goals may not be achieved by the enactment of laws which themselves violate the constitution. The classic formulation of this rule appears in *M'Culloch v. Maryland*, 17 U.S. 316, 421, 4 L. Ed. 579 (1819):

> Let the end be legitimate, let it be within the scope of the Constitution, and all means which are appropriate, which are plainly adapted to that end, *which are not prohibited*, but consist with the letter and spirit of the Constitution, are constitutional.

(Emphasis added.)
Consistent with this formula, the following Supreme Court decisions strike down three federal statutes which serve arguably constitutional goals, but are nonetheless inconsistent with the Constitution and thus outside the scope of the Necessary and Proper Clause.

    a.    *Alden v. Maine*

In *Alden v. Maine,* 527 U.S. 706, 119 S. Ct. 2240 (1999), the Supreme Court considered a provision in the Fair Labor Standards Act which authorized state employees to sue in state court for back wages. The State of Maine secured dismissal of such a suit, arguing that the federal statute violated the constitutional principle of sovereign immunity. A party seeking to uphold the statute argued that the constitution authorized regulation of labor standards, and that the creation of a state court remedy was "necessary and proper" to effectuate this constitutionally permissible goal.

The Supreme Court rejected this "necessary and proper" argument, and affirmed dismissal of the suit. While the objectives of the FLSA were "otherwise within the scope of [Congress's] enumerated powers," the language creating a state court right-of-action was in conflict with Maine's constitutional right to sovereign immunity; given this conflict, the creation of a state court right-of-action was not a "proper" exercise of Congressional authority under the Necessary and Proper Clause. *Alden v. Maine, supra,* 527 U.S. at 732-33, 119 S. Ct. at 2256.

    b.    *Printz v. United States*

A similar "necessary and proper" argument was examined in *Printz v. United States,* 521 U.S.

898, 117 S. Ct. 2365(1997).  At issue in *Printz* was a provision in the Brady Handgun Act which required local law enforcement officers to conduct background checks of gun purchasers.  Several county sheriffs sued to enjoin enforcement of the Act on the ground that it unlawfully "commandeered" state officers, in violation of Tenth Amendment federalism principals.  In defense of the statute, it was argued that the Commerce Clause permitted Congress to regulate the sale of firearms, and that the requirement of local background checks was "necessary and proper" to the functioning of a constitutional regulatory scheme.  *Id.*, 521 U.S. at 923-24, 117 S. Ct. at 2378-79.

The Supreme Court rejected this "necessary and proper" argument, and struck down the statute.  Even if the Brady Act was deemed "a law for carrying into execution the Commerce Clause," the background check provision was inconsistent with the constitutionally protected right of state sovereignty; because of this conflict between the Brady Act and the Constitution, the Act was not a "proper" exercise of Congressional authority under the Necessary and Proper Clause.  *Printz v. United States, supra,* 521 U.S. at 923-24, 117 S. Ct. at 2378-79.

      c.     *Buckley v. Valeo*

Another "necessary and proper" argument was considered in *Buckley v. Valeo,* 424 U.S. 1, 96 S. Ct. 612 (1976) (per curiam).  The plaintiffs in *Buckley* sought to strike down the Federal Election Campaign Act.  They argued, *inter alia,* that the statutory procedure for appointing members to the Federal Elections Commission was inconsistent with the Appointments Clause of the Federal Constitution.  Specifically, the plaintiffs objected to a provision which permitted Commission officers to appoint *other* Commission officers.  *Id.*, 424 U.S. at 134-35, 96 S. Ct. at 689-90.  In defense of the Act, the Commission argued that the Constitution authorized Congress to regulate federal elections, and that the procedure for appointing Commission members was "necessary and proper" to achieving this constitutional goal.  *Id.*

The Supreme Court rejected the Commission's "necessary and proper" argument, and struck down the appointment scheme.  As stated by the Court, "Congress could not, merely because it concluded that such a measure was 'necessary and proper' to the discharge of its substantive

legislative authority, pass a bill of attainder or *ex post facto* law contrary to the prohibitions contained in § 9 of Art. I. No more may it vest in itself, or in its officers, the authority to appoint officers of the United States when the Appointments Clause by clear implication prohibits it from doing so." *Buckley v. Valeo, supra*, 424 U.S. at 135, 96 S. Ct. at 690.

Under the Necessary and Proper Clause, as applied in *Alden*, *Printz,* and *Buckley,* constitutionally permissible goals may not be achieved by the enactment of laws which themselves violate the Constitution. Here, it is debatable whether the federal regulation of state sex offenders is a constitutionally permissible goal. Even if the goal is deemed permissible, however, the means used to achieve that goal are unconstitutional. Section 16913 of title 42 violates the Commerce Clause because the duty to register is not conditioned upon proof of prior interstate travel or proof of a nexus to interstate commerce.

Proof of a duty to register under 42 U.S.C. § 16913 is an essential element of the criminal offense at 18 U.S.C. § 2250(a). If section 16913 is unconstitutional, no duty to register arises, and if no duty arises, an essential element of the criminal offense cannot be proved. Defendant therefore asks that the motion to dismiss Count One of the indictment be granted.

2. Constitutionality of 18 U.S.C. § 2250(a)

Section 2250(a) of title 18 provides up to 10 years imprisonment for sex offenders who fail to register after establishing residence in a new state. The statute contains a jurisdictional element which provides that the failure to register must occur after an episode of interstate or foreign travel. The question before the Court is whether this jurisdictional element is sufficient to bring the statute within one of the three categories of permissible commerce clause regulation recognized by the Supreme Court in *United States v. Lopez,* 514 U.S. 549, 115 S. Ct. 1624 (1995).

Neither the Supreme Court nor the Third Circuit has ruled upon the constitutionality of 18 U.S.C. § 2250(a). Chief Judge Sleet has ruled that 18 U.S.C. § 2250(a) is constitutional under *Lopez*. See *United States v. Pendleton,* _____ F.Supp.2d _____, 2009 WL 320546 (D. Del., 2009). This Court has come to the same conclusion. *United States v. Jamison*, _____ F.Supp.2d

_____, 2009 WL 2601382 (D. Del. 2009).  The decisions in *Pendleton* and *Jamison* are consistent with the majority position nationally.  See Annotation, 30 A.L.R. Fed. 2d 213 (2008).

A minority view holds that 18 U.S.C. § 2250(a) is unconstitutional under all three *Lopez* categories.  See *United States v. Myers,* 591 F.Supp.2d 1312 (S.D. Fla. 2008) (Zlotch, J.), (abrogated by Eleventh Circuit opinion in *Ambert*).  Defendant advocates for adoption of the minority position, as articulated by Judge Zlotch in *United States v. Myers.*

WHEREFORE, it is requested that the Motion to Dismiss Count One of the Indictment be GRANTED.

                                            Respectfully submitted,

Date: October 1, 2009                /s/ Luis A. Ortiz
Luis A. Ortiz, Esquire
Assistant Federal Public Defender
Office of the Federal Public Defender
800 King Street, Suite 200
Wilmington, Delaware  19801
(302) 573-6010
de_ecf@fd.org

Attorney for Defendant Paul E. Pavulak