IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 09-43-SLR |
| | ) |
| PAUL E. PAVULAK, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF CHILD PORNOGRAPHY**

The United States of America, by and through David C. Weiss, United States Attorney for the District of Delaware, Edward J. McAndrew, Assistant United States Attorney, and Bonnie L. Kane, Trial Attorney for the United States Department of Justice, Criminal Division, respectfully requests that the Court deny Defendant's Motion to Exclude Evidence of Child Pornography.

Contrary to Defendant's assertion, the parties have not yet agreed to any stipulation concerning certain elements of the possession of child pornography count. The Government has offered to stipulate to two elements of that count: (1) that the images in question constitute child pornography (*i.e.*, they depict actual minors engaged in sexually explicit conduct); and (2) that these images had traveled in interstate and foreign commerce.[1]

The Government has informed defense counsel that it will enter into this stipulation only on the following conditions: (1) that the Government would admit, but not publish, disks

---

[1] Such a stipulation would obviate the need to present testimony from various witnesses who can identify the minors depicted in some of the images. It also would allow the Government to avoid calling witnesses and presenting evidence to satisfy the interstate commerce element of the crime. The stipulation would allow the Government to avoid calling approximately five witnesses and would save hours of trial time.

1

containing approximately 5,717 images of child pornography and associated forensic data that are the contraband that Defendant is charged with possessing; (2) the Government would elicit testimony from witnesses about certain images, including a description of the images and associated forensic data, to prove that Defendant knowingly possessed those images and (3) the Government would publish some (probably less than 30) printed exhibits that contain the image of child pornography along with associated forensic data.  The Government will use these printed exhibits to prove that Defendant knowingly possessed the image of child pornography on a particular date based on the image's existence in certain files on the hard drives of the computers seized from Defendant's office.  Defendant intends to vigorously contest that he knowingly possessed these images of child pornography.

  Unless Defendant agrees to the conditions outlined above, the Government does not intend to enter into a stipulation that the images at issue depict child pornography.  Instead, the Government will prove each element of the crime of possession of child pornography by admitting the images of child pornography and associated forensic data (and publishing a small number of them in a notebook  as necessary to prove knowing possession), as outlined in the Government's Motion to Admit Digital Evidence.[2]

  The Government is not obligated to accept Defendant's proposal to stipulate to certain elements of the crime in lieu of presenting any other evidence relating to that crime.  A defendant's offer "to concede a point generally cannot prevail over the Government's choice to

---

[2] As explained in the Government's Motion to Admit Digital Evidence, the Government intends to admit disks containing approximately 5,717 files depicting child pornography that were recovered from the Hewlett Packard laptop and desktop computers seized from Defendant's office.  The jury could review these disks (on a laptop computer to be supplied by the Government) in the jury room.  With the Court's permission, the Government would publish only about 20-30 of these images with associated forensic data, which will be printed out and placed in notebooks for the jury.  *See, e.g.*, Sample Printout with Forensic Data (Ex. 1).  This would obviate the need to display the child pornography images on the courtroom monitors.

offer evidence showing guilt and all the circumstances surrounding the offense." *Old Chief v. United States*, 519 U.S. 172, 183 (1997).  Rather, the Government "is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Id.* at 186-87. As the Court explained:

> In sum, the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense.  A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it.  People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard.  A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

*Id.* at 187-89.  Far from seeking to shield the jury from the very evidence upon which it must rest its decision, the law recognizes that the Government must be permitted to tell its story in a manner that will meet the jurors' expectations:

> This persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them.  Jury duty is usually unsought and sometimes resisted, and it may be difficult for one juror suddenly to face the findings that can send another human being to prison, as it is for another to hold out conscientiously for acquittal.  When a juror's duty does seem hard, the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings and a juror's obligation to sit in judgment.  Thus, the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault. [citation omitted]

> But there is something even more to the prosecution's interest in resisting efforts to replace the evidence of its choice with admissions and stipulations, for beyond the power of conventional evidence to support allegations and give life to the moral underpinnings of law's claims, there lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be.  Some such demands they bring with them to the courthouse, assuming, for example, that a charge of using a firearm to commit an offense will be proven by introducing a gun in evidence.  A prosecutor who fails to produce one, or some good reason for his failure, has something to be concerned about.
>
> . . . .

*Id.* at 187-89.

Even if the parties entered into the proposed stipulation, the evidence of the child pornography images and associated forensic data remains highly probative and not subject to exclusion due to unfair prejudice.  Defendant's offer to stipulate to certain elements of the crime does *not* lessen the evidence's probative value, because "[s]tipulation to an element of the offense . . . does not generally constitute an evidentiary alternative having equal or greater probative value."  *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006).  As the Court will instruct the jury, they are permitted, but not required, to rely on a stipulation to establish a fact.  Thus, the Government would rely solely on a stipulation to establish a key fact or element at its peril.

The Government has the burden of proving that Defendant knowingly possessed images depicting actual minors engaged in conduct that meets the statutory definition of "sexually explicit conduct."  The images themselves are, of course, the best evidence of the depictions.  *See, e.g.*, *United States v. Brown*, 862 F.2d 1033 (3d Cir. 1988) ("We find no difficulty with the admission into evidence of the child pornography found . . . in [the defendant's] home.").

4

The Government must prove not just that these images were present on the computer hard drives, but that Defendant knew the sexually explicit nature of the materials and that the depicted victims were minors. *See, e.g.*, *United States v. X-Citement Video, Inc.,* 513 U.S. 64, 78 (1994). Even if Defendant agrees that the proposed exhibits are child pornography within the meaning of 18 U.S.C. § 2256(8)(A), the child pornography images and their associated forensic data are still relevant to establish Defendant knowingly possessed the images.

The forensic evidence relating to these images will be a central part of the case, because Defendant intends to dispute that he knowingly possessed the images found on his computers. Indeed, he plans to present expert forensic testimony on this crucial point. The Government's forensic testimony and exhibits include the images. *See, e.g.*, Gov't Ex. 1. The image provides essential context to the data. Indeed, absent the image, the jury would not know to which image the data relates. For certain images, the jury would not know that that image was found in multiple locations on the hard drives or was found in proximity to images of Defendant and other individuals involved in this case. Thus, the printed exhibits provide important context to all of the forensic evidence that will be presented.

Using the printed exhibits, the Government will show that Defendant actually accessed those images on a particular date in a way that demonstrates his possession of them. For instance, the Government intends to introduce forensic data contained on the computers (and detailed in the DSP forensic reports) showing the location of the image files and the manner in which they arrived in those locations. *Cf. United States v. Miller*, 527 F.3d 54 (3rd Cir. 2008) (government can prove knowing receipt of child pornography by showing, *inter alia*, whether, where and how many images were found on defendant's computer, as well as user access to such images); *United States v. Luken*, 515 F. Supp. 2d 1020 (D.S.D. 2007), *aff'd*, 560 F.3d 741 (8th

Cir. 2009) (files found in thumbnails database showed that defendant purposely accessed child pornography images and viewed the images in a thumbnail view).

Aside from being direct evidence of Defendant's possession of child pornography, the Government also has sought to admit these images as evidence that Defendant specifically intended to produce: (1) child pornography (Count 3); and (2) that Defendant specifically intended to entice, persuade or coerce Jane Doe to engage in sexual acts with him, through the aid of Ara Duran (Count 4). Defendant denies that he had the requisite state of mind to do either. As explained in the Government's Motion to Admit Digital Evidence, the images and associated forensic data is admissible under Rule 404(b) for the permissible purposes of proving the defendant's intent, knowledge, motive and plan in committing sexual exploitation crimes. *See, e.g.*, *Brown*, 862 F.2d 1033 (3d Cir. 1988) (uncharged child pornography videos admitted "to show "proof of . . . intent, . . . knowledge, . . . or absence of mistake or accident" under . . . 404(b)"); *United States v. Brand*, 467 F.3d 179 (2d Cir. 2006) (uncharged child pornography "provided a glimpse into Brand's sexual interest in children . . . . [T]he same urge that Brand satisfied by obtaining child erotica" that he sought to satisfy by attempting to meet a minor for sexual purposes."); *United States v. Goff*, No. 05-50230, 2005 WL 3134070, at *2 (5th Cir. Nov. 23, 2005) ("Barely Legal" magazine admitted to show defendant's knowing interest in child pornography).

The Government's approach in this case has been approved by courts across the country time and again in the face of Rule 403 objections where the defendant was willing to stipulate that the images are child pornography. *See, e.g.*, *United States v. Polizzi*, 564 F.3d 142, 153 (2nd Cir. 2009) (upholding admission of images and videos despite defendant's stipulation that they constituted child pornography); *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006)

(finding that district court abused its discretion in accepting defendant's offer to stipulate and forbidding the United States from publishing a representative sample of the images of child pornography to the jury); *United States v. Forrest*, 429 F.3d 73, 80 (4th Cir. 2005) (upholding district court's decision to admit evidence of child pornography in the face of a Rule 403 challenge); *United States v. McCourt*, 468 F.3d 1088, 1093 (8th Cir. 2006) (not unfairly prejudicial to show clips of videos despite defendant's stipulation that they contained child pornography); *United States v. Dodds*, 347 F.3d 893, 899 (11th Cir. 2003) (no abuse of discretion where trial court admitted 66 child pornography images); *United States v. Becht*, 267 F.3d 767 (8th Cir. 2001) (affirming admission of 39 child pornography images even though defendant offered to stipulate to illegality of images); *United States v. Hay*, 231 F.3d 630, 639 (9th Cir. 2000) (allowing jury to view child pornography was not unduly prejudicial); *United States v. Campos*, 221 F.3d 1143, 1149 (10th Cir. 2000) (no abuse of discretion to publish pornographic materials to jury, despite defendant's offer to stipulate that images constituted child pornography); *United States v. Zacherle*, 2008 WL 5000145 (E.D. Wash. 2008) (permitting United States to show images despite offer of defendant to stipulate, because "[t]he government bears the burden of proving each element of the offense and publishing select images to the jury is the best method . . . for the government to prove its case."); *United States v. Pabon-Cruz*, 255 F.Supp.2d 200, 214 (S.D.N.Y. 2003) (child pornography images "legally and morally relevant" to conduct, despite proposed stipulation); *United States v. Dean*, 135 F.Supp.2d 207, 211 (D. Me. 2001) (admit 16 child pornography images despite defendant's stipulation that images were child pornography).[1]

---

[1] Courts similarly have found the admission of gruesome and shocking photographs to not be unfairly prejudicial in murder cases or cases involving serious bodily harm. *See United States v. Analla*, 975 F.2d 119, 125-26 (4th Cir. 1983) (photographs of murder victim); *United States v. Whitfield*, 715 F.2d 145, 147-48 (4th Cir. 1983) (same); *United States v. Bullis*, 139 F.3d 893,

Illustrative of the rationale for admitting such evidence is the Eighth Circuit's decision in *Becht*, which rejected the defendant's argument that images of child pornography should have been excluded under Rule 403 in light of a stipulation. *Becht*, 267 F.3d at 769. The defendant was charged with possession and distribution of child pornography found on his computer. His defense at trial was lack of knowledge. *Id.* The government's evidence of knowledge included the defendant's creation of subdirectories named "Young" and "Incest", and that the defendant had to view some of the images to accurately sort the images. *Id.* In addition, the court recognized another important, related burden of the government's proof in a child pornography case, namely, to show that the images were not "close cases." For example, the images did not feature 16 to 17-year olds which easily could have been mistaken for legal pornography. *Id.* at 774.

The district court admitted 39 child pornography images into evidence over the defendant's Rule 403 objection. *Id.* at 770. The images were then shown to the jury on a computer screen and hard copies were given to the jury. *Id.* On appeal, the Eighth Circuit found that even with a stipulation as to the nature of the images, the images were relevant to defendant's knowledge, and held that the Rule 403 balancing test favored inclusion of the images. *Id.* at 772-74. The court also found that the probative value of the images was high, that the prejudicial effect of the images was limited, and that satisfactory evidentiary alternatives were absent. *Id.* at 773-74.[3]

---

1998 WL 171328, *8 (4th Cir. Apr. 14, 1998) (photographs of injuries showing the "violent nature of the crimes alleged").

[3]    Besides the government self-limiting its presentation of evidence, the impact of publishing a limited portion of the overall collection of child pornography can be controlled through proper voir dire and Rule 105 limiting instructions. *See, e.g.*, *Dodds*, 347 F.3d at 898-99; *Becht*, 267 F.3d at 774. Both parties have proposed such instructions.

8

Finally, the images at issue should not be excluded merely because of their nature or to protect the jury and the victims. As one court recently noted in rejecting this argument:

> The presentation of evidence in a criminal trial is not 'repeat exploitation' of the victims in this case, but rather our criminal justice system's method of vindicating them. To adopt Defendant's broad construction of the Adam Walsh Act would truly turn the Adam Walsh Act on its head; Defendant urges the court to construe a law that was plainly designed to facilitate the prosecution of child pornographers into a law that would unduly inhibit such prosecution. This the court cannot sanction.

*United States v. Johnson*, 456 F. Supp. 2d 1014, 1016 (N.D. Iowa 2006).

The jury will be entrusted with the weighty obligation of finding the facts relating to the sexual exploitation of children. They face a difficult task and should be afforded the opportunity to view the core evidence. As the Tenth Circuit noted in a case involving graphic evidence, given the heavy burden juries face, "it is incompatible with that degree of trust to attempt to 'protect' them from the evidence questioned here." *United States v. Naranjo*, 710 F.2d 1465, 1468 (10th Cir. 1983) (affirming admission of disturbing photograph of victim who had been shot in the face); *Pabon-Cruz*, 255 F. Supp. 2d at 214 (admission of child pornography particularly significant where "juror's duty does seem hard"); *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) ("Rule 403 does not provide a shield for defendants who engage in outrageous act . . . . It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.").

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's Motion to Exclude Evidence of Child Pornography.

        Respectfully submitted,

        DAVID C. WEISS
        United States Attorney

By:   /s/ Edward J. McAndrew
        Edward J. McAndrew
        Assistant United States Attorney
        United States Attorney's Office
        1007 Orange Street
        Suite 700
        Wilmington, Delaware 19899-2046
        (302) 573-6227
        Ed.mcandrew@usdoj.gov


        /s/ Bonnie L. Kane
        Bonnie L. Kane
        Trial Attorney
        United States Department of Justice
        Criminal Division
        1400 New York Avenue N.W.
        Suite 600
        Washington, DC 20006
        (202) 353-4698
        Bonnie.kane@usdoj.gov

Dated:   September 13, 2010


## Certificate of Service

    I hereby certify that on September 13, 2010, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Brian C. Crockett, Federal Public Defender's Office

    Luis A. Ortiz, Federal Public Defender's Office


        */s/ Bonnie L. Kane*
        Bonnie L. Kane