IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 09-43-SLR |
| | : | |
| PAUL E. PAVULAK, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' SURREPLY TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL**

The United States, by and through its undersigned counsel, responds to Defendant Paul E. Pavulak's Reply Brief in Support of his Motion for Judgment of Acquittal and Motion for New Trial ("Reply Brief"), and respectfully requests that the Court deny Defendant's motion. For the reasons stated herein, Defendant's argument in his Reply Brief regarding the United States' alleged failure to present sufficient evidence in support of the jurisdictional element of 18 U.S.C. § 2252A(a)(5)(B) is misleading, unavailing, and should be rejected.

**ARGUMENT**

To convict Defendant of possession of child pornography as charged in Count Two, the United States had to prove that Defendant knowingly possessed "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, **or** shipped or transported in interstate or foreign commerce by any means, including by computer, **or** that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by

computer." 18 U.S.C. § 2252A(a)(5)(B) (2006)[1] (emphasis added). The plain language of Section 2252A(a)(5)(B) provides three alternative means by which the statute's jurisdictional element may be proven, and these three means or prongs are textually separated by the disjunctive "or." *Id.*

In his Reply Brief, Defendant selectively quotes only the first two prongs that may be used to satisfy the jurisdictional element and omits the third prong (i.e., "an image of child pornography … that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means"). *See* Reply at 6. Defendant then focuses his argument exclusively on the meaning of the second prong (i.e., "an image of child pornography that has been …. shipped or transported in interstate or foreign commerce by any means") and the "possible constructions of this statutory language." *Id.*

Defendant's extended musings on the possible meanings of this second jurisdictional prong and his conclusion regarding the construction on which the United States "necessarily relies" are <u>entirely irrelevant</u>. Simply put, the United States did not rely on this second jurisdictional prong to convict Defendant. It is therefore immaterial whether Defendant's first, second, or third construction of this jurisdictional prong is accurate. At trial, the United States expressly relied upon the third "produced using materials" prong of Section 2252(a)(5)(B) and presented more than sufficient evidence to satisfy the jurisdictional element by that means. As stated in the jury instructions, "[e]vidence that the materials used to produce an image of child pornography (including a computer hard drive, computer memory card, or disk) were

---

[1] Defendant's charged conduct spanned two versions of 18 U.S.C. § 2252A(a)(5)(B), which was amended on October 8, 2008 in part to expand the bases for federal jurisdiction (e.g., "using any means or facility of interstate or foreign commerce"). The jury was instructed on the elements for the prior version of the statute, which contained <u>less</u> jurisdictional bases. (D.I. 69 at 32, 38).

manufactured in a State other than Delaware or in a foreign country is sufficient to prove that the materials have been transported in interstate or foreign commerce." (D.I. 69 at 38).

Defendant's Reply raises, for the first time, a new argument: Defendant flatly asserts that this third "produced using materials" prong is "not at issue," because there was "no evidence that the child pornography images were 'produced using materials' that were shipped or transported in interstate or foreign commerce." Reply at 5. This bald assertion ignores the evidentiary stipulation regarding the foreign manufacturing location of the computers that "produced" the child pornography images at issue. (Gov't Ex. 290). It also implicitly ascribes to the term "produced" a meaning that is inconsistent with a uniform body of precedent interpreting this jurisdictional prong of the statute.

Courts have made it abundantly clear that images of child pornography are "produced," as that term is used in Sections 2252 and 2252A, by computers or other storage media when the images are copied or downloaded to those materials. *See United States v. Angle*, 234 F.3d 326, 340-41 (7th Cir. 2000) ("computerized visual depictions (*i.e.,* computer graphic files) are 'produced' when computer equipment, including computer diskettes, are used to copy the depictions onto the diskettes that have traveled in interstate commerce"); *see also United States v. Dickson*, 632 F.3d 186, 188-90 (5th Cir. 2011) (holding that "[b]ecause the government presented sufficient evidence that the CD was shipped from the Republic of China, a reasonable fact-finder could have found that Dickson produced the pornographic images using materials that traveled in interstate or foreign commerce"); *United States v. Koch*, 625 F.3d 470, 479 (8th Cir. 2010) ("The government presented evidence that Koch's computer and flash drive were manufactured in China; such evidence is sufficient to satisfy the jurisdictional requirement of 18 U.S.C. § 2252"); *United States v. Lacy*, 119 F.3d 742, 750 (9th Cir. 1997) (finding sufficient

3

evidence to support possession jurisdictional element where computer hard drive, monitor, and disks had traveled in interstate commerce; the child pornography was "created-'produced'-when Lacy used his computer to download data").

In this statutory context, the term "produced" does not necessarily "relate to the circumstances surrounding the original or actual production of the visual depiction." *Angle*, 234 F.3d at 341. Instead, "[w]hen the file containing the image is copied onto a disk, the original is left intact and a new copy of the image is created, so the process 'produces' an image." *United States v. Guagliardo*, 278 F.3d 868, 870-71 (9th Cir. 2002) ("Guagliardo 'produced' images of child pornography with materials from foreign commerce when he copied the images onto the disks," which were undisputedly manufactured "overseas").[2]

In the instant case, the laptop computer and desktop computer "produced" the images of child pornography when the images were copied or downloaded to them. For example, twenty-nine (29) images of child pornography were copied to Windows Photo Gallery on the laptop computer on six dates between September 13 and November 22, 2008, while Defendant was working and engaging in online chats from the Concrete Technology and Design (CTI) office. (Tr., Ex. C, at 76:8-25). Defendant then accessed and edited these images using Windows Photo Gallery between September and November 2008. (Exs. 238, 295; Tr., Ex. C, at 62:24-63:23, 68:2-70:23; Tr., Ex. D, at 73:20-75-18). Further, many images of child pornography found on

---

[2] Although the Third Circuit has not been squarely presented with Defendant's argument, it has repeatedly upheld possession of child pornography convictions where the sole jurisdictional nexus was that the images were produced using materials (disks) that had moved in interstate or foreign commerce. *See, e.g.*, *United States v. Galo*, 239 F.3d 572, 576 (3d Cir. 2001) ("Congress could properly regulate intrastate possession of child pornography produced by materials that had traveled in interstate commerce"); *United States v. Rodia*, 194 F.3d 465, 482 (3d Cir. 1999).

one computer also were found on the other computer, establishing circumstantially that the images were copied from one computer to the other.  (Tr., Ex. C, at 107:8-110:2; Exs. 261-269).

Defendant stipulated that both computers were manufactured in foreign countries:  the laptop computer was manufactured in China (Mot. ¶ 47; Exs. 56, 290; Tr., Ex. A, at 144:9-21), and the desktop computer was manufactured in Mexico (Exs. 33, 290; Tr., Ex. A, at 118:5-119:5).  Thus, the "materials" used to "produce" the images of child pornography – the laptop and desktop computers seized in New Castle, Delaware from CTI – necessarily had been shipped or transported in foreign commerce prior to their arrival in New Castle, Delaware.

The Government therefore presented sufficient evidence in support of the jurisdictional element of Section 2252(a)(5)(B) under the third "produced using materials" prong:  the images of child pornography at issue were produced using materials that had been shipped or transported in interstate or foreign commerce.  Defendant's irrelevant argument in his Reply regarding a jurisdictional prong that was not relied upon to obtain his conviction should be ignored.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's Motion for Acquittal and Motion for New Trial.

       Respectfully submitted,

       CHARLES M. OBERLY, III
       United States Attorney

By:   /s/ Edward J. McAndrew
       Edward J. McAndrew
       Assistant United States Attorney
       United States Attorney's Office
       1007 Orange Street
       Suite 700
       Wilmington, Delaware 19899-2046
       (302) 573-6227
       Ed.mcandrew@usdoj.gov


       /s/ Bonnie L. Kane
       Bonnie L. Kane
       Trial Attorney
       United States Department of Justice
       Criminal Division
       1400 New York Avenue N.W.
       Suite 600
       Washington, DC 20005
       (202) 353-3683

Dated:   June 17, 2011