# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 09-43-SLR |
| ) | |
| PAUL E. PAVULAK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington this 13th day of October, 2011, having sentenced defendant Paul E. Pavulak to imprisonment for a life term, pursuant to 18 U.S.C. § 3559(e), and given the complexities of the statutory scheme implicated by the charges of conviction, the court has determined to supplement its remarks made in open court by the following statement of reasons.

1. The statutory sentencing scheme for the crimes of conviction include the following:

    a. As to Count One, failure to register as a sex offender, a violation of 18 U.S.C. § 2250(a): The maximum penalties that could be imposed by statute for this offense include 10 years of imprisonment, followed by a minimum of 5 years of supervised release (up to a lifetime term of supervised release), a $250,000 fine and a $100 special assessment.

    b. As to Count Two, possession of child pornography, a violation of 18

U.S.C. § 2252A(a)(5)(B) & (b)(2): The maximum penalties that could be imposed by statute for this offense include a minimum of 10 years of imprisonment (up to 20 years of imprisonment), followed by a minimum of 5 years of supervised release (up to a lifetime term of supervised release), a $250,000 fine and a $100 special assessment.

c. As to Count Three, attempted production of child pornography, a violation of 18 U.S.C. § 2251(a) & (e):[1] The maximum penalties that could be imposed by statute for this offense include a minimum term of 35 years of imprisonment (up to life imprisonment), followed by a minimum of 5 years of supervised release (up to a lifetime term of supervised release), a $250,000 fine and a $100 special assessment.

d. As to Count Four, attempting to entice or coerce a minor, a violation of 18 U.S.C. § 2422(b): The maximum penalties that could be imposed by statute for this offense includes a minimum term of 10 years of imprisonment (up to life imprisonment), followed by a minimum of 5 years of supervised release (up to a lifetime term of supervised release), a $250,000 fine and a $100 special assessment.

e. As to Count Five, committing an offense involving a minor while being required to register as a sex offender, a violation of 18 U.S.C. § 2260A: The maximum penalties that could be imposed by statute for this offense include a minimum term of

---

[1]Defendant disputes whether the enhancement under § 2251(e) applies. Section 2251(e) provides that,

> [a]ny individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years . . ., but if such person has 2 or more prior convictions under this chapter . . . or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.

2

10 years of imprisonment, which must be imposed consecutive to the sentence for any underlying offenses, followed by up to 3 years of supervised release, a $250,000 fine and a $100 special assessment.

  f. Pursuant to 18 U.S.C. § 3559(e), "[a] person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed."

    (1) "Federal sex offense" includes an offense under § 2251 "(relating to sexual exploitation of children)." § 3559(e)(2)(A).

    (2) Although the language does not appear in § 3559(e), the term "State sex offense" is defined in subsection (e)(2)(B) as "an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if, to the extent or in the manner specified in the applicable provision of this title - (ii) the conduct occurred in any commonwealth, territory or possession of the United States." § 3559(e)(2)(B).

2. Defendant argues that neither of the sentencing enhancements provided for under 18 U.S.C. §§ 2251(e) or 3559(e) are applicable to him.

  a. With respect to the recidivist enhancement under § 2251(e), defendant argues that the term "sexual exploitation of children" is a term of art and must involve visual depictions. More specifically, Congress amended § 2251(e) in 2006 to replace the term "sexual exploitation of children" in the recidivist provision applicable to persons having one prior conviction with a more specific enumeration of crimes, including "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or

ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pronography." Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 206(b)(1)(B) (2006). According to defendant, because Congress elected to keep the term "sexual exploitation of children" for those offenders with two prior convictions, Congress must have intended to exclude the conduct enumerated for the one-time offenders. In this regard, defendant's two prior State convictions[2] involve sexual contact with a minor, not visual depictions; according to defendant, therefore, the § 2251(e) enhancement cannot apply.

        b. With respect to the § 3559(e) enhancement, defendant argues that the mandatory life sentence should not be applied because the fact that his prior convictions involved a minor as the victim was not proven to the jury beyond a reasonable doubt, as required under *Apprendi v. New Jersey*, 530 U.S. 466, 475 (2000).

        3. The court concludes that the § 3559(e) mandatory enhancement applies. As noted above, defendant was convicted twice (in 1998 and 2005) under 11 Del. C. § 768, which expressly requires proof that the victims were minors. Defendant stipulated

---

[2]Defendant was convicted in 1998 and again in 2004 for "unlawful sexual contact second degree," a violation of 11 Del. C. § 768, which provides as follows:

> A person is guilty of unlawful sexual contact in the second degree when the person intentionally has sexual contact with another person who is less than 16 years of age . . . .

4

to the fact of his prior state convictions at trial.[3] (D.I. 78, ex. 289) Therefore, *Apprendi* is not applicable to this case, as § 3559(e) only requires proof of "the fact of a prior conviction." 530 U.S. at 480.

4. Although not necessary to address, the court notes that defendant's arguments vis a vis the § 2251(e) recidivist enhancement have not been embraced by any court to date. Indeed, the Third Circuit has interpreted the term "sexual exploitation of children" broadly, to encompass conduct beyond that involving visual depictions. *See United States v. Randolph*, 364 F.3d 118, 122 (3d Cir. 2004). *See also United States v. Sanchez*, 2011 WL 3677935 (6th Cir. Aug. 23, 2011). The court notes as well that a sentence to life imprisonment would be justified under 18 U.S.C. § 3553(a), given the nature and circumstances of his offense and his past history of sexually exploiting children. More specifically, the jury in this case heard evidence that, less than two months after his release from custody for his 2005 conviction, defendant began his attempts to enlist a prostitute mother into making her 2-year-old daughter available for sexual exploitation by defendant; defendant was concomitantly violating his sex offender registration obligations that stemmed from his prior convictions. The jury convicted defendant on all counts, rejecting all of the defenses presented to them.

5. For all of these reasons, the court concludes that a sentence of life

---

[3]Consistent with the statutory requirements, these prior state convictions were punishable by up to two years in prison, 11 Del. C. §§ 768 and 4205, and relate to conduct that would have been a "Federal sex offense" if that conduct had occurred "within the special maritime and territorial jurisdiction of the United States, *see* 18 U.S.C. §§ 2241(c) and 2246(2)(D).

imprisonment is mandated pursuant to 18 U.S.C. § 3559(e),[4] and otherwise consistent with 18 U.S.C. §§ 2251(e) and 3553(a).

                                                                         */s/*
                                         United States District Judge

---

[4]The court did not impose a term of supervised release to follow, on the assumption that a term of life imprisonment contemplates that defendant will not be released during his lifetime.