IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PAVULAK, | : |
|       Movant/Defendant, | : |
| v. | : Civ. Act. No. 14-290-LPS |
| | : Cr. Act. No. 09-43-LPS |
| UNITED STATES OF AMERICA, | : |
|       Respondent/Plaintiff. | : |

**MEMORANDUM**

**I.   INTRODUCTION**

Movant Paul E. Pavulak ("Movant") has filed two Rule 60(b) Motions to Reopen and/or Reconsider his § 2255 Proceeding ("Rule 60(b) Motions"). (D.I. 193; D.I. 194) For the reasons discussed, the Court will deny both Motions.

**II.   BACKGROUND**

In September 2010, a federal jury convicted Movant of: (1) failure to register and to update a registration as a sex offender, in violation of 18 U.S.C. § 2250(a); (2) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B); (3) attempted production of child pornography, in violation of 18 U.S.C. § 2251(a); (4) attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); and (5) committing a felony offense involving a minor while registered as a sex offender, in violation of 18 U.S.C. § 2260 A. (D.I. 12; D.I. 13) The Honorable Sue L. Robinson sentenced Movant in October 2011 to concurrent 120 month prison terms on Counts One, Two, and Four, along with a mandatory consecutive 120 month prison term on Count Five. (D.I. 124) Relevant to his instant Rule 60(b) Motions, Movant was sentenced to mandatory

imprisonment for life under 18 U.S.C. § 3559(e) on Count Three,[1] over his objection, because he had two prior Delaware state convictions for second degree unlawful sexual contact. (D.I. 123; D.I. 117; D.I. 120) The Third Circuit affirmed Movant's convictions and sentence on direct appeal. *See United States v. Pavulak*, 700 F.3d 651, 675 (3d Cir. 2012).

In March 2014, Movant filed a motion to vacate his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion). (D.I. 135; D.I. 149; D.I. 183) Movant argued, *inter alia*, that he was unconstitutionally excluded from the *voir dire* of prospective jurors and never agreed to individual questioning of jurors outside of his presence. (D.I. 135 at 5-7) In addition, Movant argued that his mandatory life sentence was unconstitutional, because the Court engaged in judicial fact-finding that affected his mandatory minimum sentence in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), which had been decided after Defendant's appeal but before he filed his § 2255 Motion. (D.I. 135 at 13) Movant's supplement to his Original § 2255 further addressed this issue, again alleging that the Court improperly found facts that triggered his mandatory life sentence in violation of the categorical approach. (D.I. 183 at 2-4) In support, Movant cited Supreme Court categorical approach precedents, *Nijhawan v. Holder*, 557 U.S. 29 (2009), *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016). (*Id.*)

On March 31, 2017, the Honorable Sue L. Robinson denied Movant's § 2255 Motion in its entirety. (D.I. 185; D.I. 186) Movant appealed, and the Third Circuit Court of Appeals terminated his appeal on August 9, 2017 after denying his request for a certificate of appealability. (D.I. 189)

---

[1] 18 U.S.C. §3559(e) requires mandatory imprisonment for life for anyone "convicted of a Federal sex offense in which a minor is the victim . . . if the person has a prior sex conviction in which a minor was the victim." Judge Robinson concluded Movant's conviction on Count Three qualified as a "Federal sex offense" and that Movant's prior conviction for second degree unlawful sexual contact was a "prior sex conviction" as defined in 18 U.S.C. § 3559(e). (D.I. 123)

2

On September 4, 2018, Movant filed his first Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(3), Rule 60(b)(6), and Rule 60(d)(3), asking the Court to reconsider its denial of his § 2255 Motion. (D.I. 193) Movant contends that the *voir dire* process was unconstitutional because defense counsel lied to the Court during his § 2255 proceeding by submitting an affidavit falsely claiming that Movant had acquiesced to being absent while the individual jurors were questioned. (*Id.*) Because Movant did not knowingly waive his right to be present during *voir dire*, he contends that the closure of the *voir dire* to the public amounted to a structural error warranting a new trial. (*Id.*) According to Movant, the Court should vacate its denial of his § 2255 motion and reconsider it on the merits because defense counsel's fraud led the Court to erroneously reject the *voir dire* claims he raised in the § 2255 Motion. (D.I. 193 at 22)

On March 8, 2019, Movant filed a second Motion for Reconsideration pursuant to Rule 60(b)(6); he then he filed a supplement to that motion on July 12, 2019, both of which challenge the facts used during sentencing to determine that Movant was a recidivist under 18 U.S.C. § 3559(3) and therefore eligible for a mandatory life sentence. (D.I. 194 at 10-14; D.I. 195)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

3

A Rule 60(b)(2) motion seeking relief on the basis of "newly discovered evidence" and a Rule 60(b)(3) motion seeking relief on the basis of fraud must be filed no more than a year after the entry of the judgment, order, or date of proceeding. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See, e.g., Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir.1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within reasonable time).

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach . . . that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120. A Rule 60(b) motion is not an opportunity to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion for reconsideration after it has denied a movant's § 2255 motion, the Court must first determine if the

4

motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). A § 2255 motion is "second or successive" if it challenges the same judgment as a prior § 2255 motion. *See United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014) ("[W]e determine whether a petition is 'second or successive' by looking at the judgment challenged."). Under AEDPA, a prisoner cannot file a second or successive motion under 28 U.S.C. § 2255 without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2255 (h); Rule 9, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255.

## IV. DISCUSSION

In his Motions for Reconsideration, Movant asserts that the Court should reopen his § 2255 proceeding and vacate his conviction because: (1) he recently discovered that defense counsel committed fraud on the Court during the § 2255 proceeding by presenting five lies in his affidavit responding to Movant's § 2255 argument that Movant had been denied his right to a public trial and to be present at *voir dire* (D.I. 193 at 9-14); (2) the trial court's "closure of *voir dire* violated the constitution and amounted to a structural defect" (D.I. 193 at 15-18); (3) appellate counsel provided ineffective assistance by failing to present on direct appeal the argument that the trial court committed a structural error and violated Movant's right to a public trial and his right to be present during *voir dire* by conducting the juror *voir dire* in his absence (D.I. 193 at 18-22); (4) defense counsel's ineffective assistance provides cause for Movant's default of his public trial/*voir dire*

argument (D.I. 193 at 18-22); (5) the Supreme Court's categorical approach decisions in *Descamps*, *Mathis*, *Johnson v. United States*, 576 U.S. 591 (2016) (D.I. 194), and decisions from various circuit and district courts (D.I. 195), demonstrate that the categorical approach should have been used to determine his sentence for Count Three; and (6) as shown in *United States v. Dahl*, 833 F.3d 345, 352 (3d Cir. 2016), Judge Robinson improperly enhanced Movant's sentence for Count Three to life imprisonment by using the modified categorical approach to determine if his two prior convictions under 11 Del. C. § 768 (unlawful sexual conduct) met the criteria for being a federal crime if committed in a federal jurisdiction. (D.I. 194; D.I. 195)

Presumably to avoid the bar on second or successive § 2255 motions, Movant contends he is challenging the manner in which the Court's denial of his § 2255 Motion was procured rather than his underlying convictions and sentence. For instance, Movant presents the *voir dire* arguments in Claims One through Four of his first Rule 60(b) Motion in terms of "newly discovered fraud" committed by defense counsel. Movant contends that his § "2255 motion was ruled upon [] using information and evidence not available on appeal" because the Court relied on the fraudulent assertions in defense counsel's affidavit in response to Movant's original § 2255 motion. (D.I. 193 at 3-14)

The Court is not persuaded. In his § 2255 Motion, Movant argued that defense counsel provided ineffective assistance by failing to ensure Movant's presence during the closed *voir dire*. (D.I. 135 at 5-8) In his Reply to the Government's Answer, Movant stated, "The [Government] provided false testimony and defense attorney [] swore to a false affidavit when they placed [Movant] in attendance at the critical morning meeting on 09-20-10." (D.I. 178 at 9) Movant also asserted that defense counsel "offered this false affidavit to conceal his failure to protect [Movant's] constitutional and Rule 43(a) rights." (D.I. 178 at 11) Within the context of Movant's ineffective

6

assistance of counsel arguments, Judge Robinson ruled that Movant was not prejudiced by any error – assuming there was any error – with respect to Movant's absence during the individual *voir dire*. (D.I. 185 at 16-17) Movant then presented the same argument concerning defense counsel's misrepresentations to the Third Circuit in his motion for a certificate of appealability, which the Third Circuit denied.

Distilled to its core, Movant's present complaint about defense counsel's affidavit merely re-litigates his original argument that he was not in the courtroom and did not consent when Judge Robinson decided to have the jury provide its answers to *voir dire* questions in private. (*Compare* D.I. 135 at 5-8 *with* D.I. 193 at 15-22) For these reasons, the Court concludes that Claims One through Four in Movant's first Rule 60(b) Motion together constitute a second or successive habeas request.

Movant's second Rule 60(b) Motion presents two arguments challenging the mandatory life sentence imposed under § 3559(e). First, Movant contends that the Court should reconsider his mandatory life sentence under the categorical approach decisions in *Descamps, Mathis, Johnson*, and decisions from various circuit and district courts. (D.I. 194; D.I. 195) This argument asserts a substantive ground for relief and does not attack the manner in which the § 2255 Motion was denied. Thus, the Court concludes that Movant's *Descamps/Mathis/Johnson* argument constitutes a second or successive habeas request.

The second argument in Movant's second Rule 60(b) Motion contends the Court should reopen his § 2255 proceeding because Judge Robinson failed to adjudicate the merits of his *Dahl* argument when she denied his § 2255 Motion. (D.I. 194) The following relevant background information helps clarify this argument. In his original § 2255 Motion, Movant argued that his sentence was improperly enhanced to life under 18 U.S.C. § 2251(e) and § 3559(e) based on his two prior Delaware state convictions. After the Government filed its response, but before his § 2255

Motion was denied, Movant filed a motion to supplement his claim regarding the improper sentence enhancement, with an argument that the Third Circuit's decision in *United States v. Dahl*, 833 F.3d 345 (3d Cir. 2016), demonstrated why the sentence enhancement to life was unconstitutional. (D.I. 183) When the Memorandum Opinion denying Movant's § 2255 Motion was issued, Movant's motion to supplement was simultaneously dismissed as moot, and the Memorandum Opinion did not contain any reference to Movant's *Dahl* argument.

The Court is not persuaded that this procedural history demonstrates that Movant's instant *Dahl*/improper "modified categorical approach" argument attacks the manner in which the § 2255 Motion was decided rather than constituting a merits-based attack on its dismissal. Distilled to its core, Movant's *Dahl*/improper "modified categorical approach" argument is focused on how his sentence was determined – which has been reviewed and found to be without error on three prior occasions: on direct appeal, in his § 2255 proceeding, and on appeal of his § 2255 Motion. Significantly, Movant presented his instant argument that the § 2255 Memorandum Opinion did not address his *Dahl* argument to the Third Circuit in his motion for a certificate of appealability, and the Third Circuit denied that request. *See U.S.A v. Pavulak*, C.A. No. 17-1878, Motion for Certificate of Appealability at ¶ 27 (3d Cir. May 9, 2017); *see also* D.I. 189. Given these circumstances, the Court concludes that the *Dahl*/improper modified categorical approach argument asserted in Movant's second Rule 60(b) Motion constitutes a second or successive habeas request.

To summarize, the Court concludes that both of Movant's Rule 60(b) Motions constitute second or successive § 2255 requests. The record does not contain any indication that Movant obtained an order from the Third Circuit allowing this Court to consider the second or successive § 2255 requests presented in his Rule 60(b) Motions. Therefore, the Court will dismiss the instant second or successive § 2255 requests for lack of jurisdiction. *See Magwood v. Patterson*, 561 U.S. 320,

330-31 (2010). The Court will also decline to issue a certificate of appealability because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

\* \* \*

In the alternative, the Court will now address the possibility that the *Dahl*/improper "modified categorical approach" argument in Movant's second Rule 60(b) Motion constitutes a true Rule 60(b) request. Although Movant does not identify which subsection of Rule 60(b) he is seeking relief under, the two most likely subsections are Rule 60(b)(1) and Rule 60(b)(6). Movant's first Rule 60(b) Motion was filed seventeen months after the denial of his § 2255 Motion on March 31, 2017, and his second Rule 60(b) Motion – the one raising the instant *Dahl*/improper "modified categorical approach" argument – was filed on March 8, 2019, almost two full years after the denial of his § 2255 Motion. Thus, to the extent the *Dahl*/improper "modified categorical approach" argument is presented under Rule 60(b)(1), it is untimely.

To the extent the second Rule 60(b) Motion is filed pursuant to Rule 60(b)(6), Movant is not entitled to relief because he has failed to show that there are "extraordinary circumstances where, without [Rule 60(b)] relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120; *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). According to Movant, Judge Robinson improperly engaged in fact-finding under a modified categorical approach when determining that § 3359(e) could be applied in his case. (D.I. 194 at 7) However, Movant's characterization of *Dahl* is not entirely correct. When the Third Circuit in *Dahl* addressed Movant's case it stated that it had incorrectly categorized the factual inquiry required by a statute that focuses on whether the state offense involves "conduct that would be a Federal sex offense and thereby invites an inquiry into the facts underlying the defendant's conviction" as the "modified categorical approach." *Dahl*, 833

9

F.3d at 352 (quoting *Pavulak*, 700 F.3d at 652). Importantly, the *Dahl* Court also emphasized that the language in *Pavulak* conflating the modified categorical approach with a factual inquiry was dicta that it did not follow even in *Pavulak* itself, explaining:

> Instead, we applied the categorical approach to assess whether the defendant's prior convictions qualified him for the life maximum under § 2251(e), rejecting the "case-by-case analysis" urged by Pavulak that looked at whether the "conduct underlying his prior convictions 'involved the [federally prohibited conduct].'" *Pavulak*, 700 F.3d at 674 (quoting *United States v. Randolph*, 364 F.3d 118, 122 (3d Cir. 2004)).

*Dahl*, 833 F.3d at 353. Since *Dahl* actually contradicts Movant's contention that he was improperly sentenced under a modified categorical approach, Movant's instant argument concerning Judge Robinson's failure to address *Dahl* when denying his § 2255 Motion does not demonstrate that extraordinary circumstances warrant reopening his § 2255 proceeding to reconsider Movant's challenge to his mandatory life sentence.

The sentencing transcript further confirms that Movant cannot demonstrate extraordinary circumstances warranting reconsideration of his mandatory life sentence. *See, e.g., Molina-Martinez v. United States*, 136 S.Ct. 1338, 1346-47 (2016) ("The sentencing process is particular to each defendant [and the] record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."). During Movant's sentencing hearing, Judge Robinson stated that a life sentence, even though required by 18 U.S.C. § 3559(e), was also an appropriate outcome under the discretionary sentencing factors of 18 U.S.C. § 3553(a), without regard to the mandatory sentence. (*See* D.I. 129 at 12-15, 24-26) In a Memorandum Order accompanying the judgment, Judge Robinson stated "that a sentence to life imprisonment would be justified under 18.U.S.C. § 3553(a), given the nature and circumstances of his offense and his past history of sexually exploiting children." (D.I. 123 at 5) This record indicates that Movant would

have been sentenced to life under the § 3553(a) factors even if Movant's objections to the application of § 3559(e) had been sustained.

For the foregoing reasons, the Court concludes that Movant's argument regarding the effect of Judge Robinson's failure to explicitly consider *Dahl* when denying his § 2255 Motion does not warrant reconsideration of Movant's mandatory life sentence. Accordingly, to the extent Petitioner's second Rule 60(b) Motion constitutes a "true" Rule 60(b) request, it is denied.

## V. CONCLUSION

The Court concludes that both of Movant's Rule 60(b) Motions constitute unauthorized second or successive § 2255 requests under 28 U.S.C. § 2244 and § 2255(h). Therefore, the Court will dismiss both Rule 60(b) Motions for lack of jurisdiction. In addition, to the extent the *Dahl*/improper "modified categorical approach" argument in Movant's second Rule 60(b) Motion constitutes a true Rule 60(b) request, it does not warrant reconsideration of Movant's mandatory life sentence. Finally, the Court will also decline to issue a certificate of appealability, because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

March 4, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE