IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL E. PAVULAK,                          :
                                          :
              Movant/Defendant,           :
                                          :
       v.                                 :        Civil Action No. 14-290-GBW
                                          :        Criminal Action No. 09-43-GBW
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
              Respondent/Plaintiff.       :

---

### MEMORANDUM[1]

## I.   INTRODUCTION

Presently pending before the Court is Movant Paul E. Pavulak's ("Movant")

Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure

60(d)(3) ("Rule 60(d)(3) Motion"). (D.I. 39)  For the reasons discussed, the Court

will dismiss the Rule 60(d)(3) Motion for lack of jurisdiction because it constitutes

an unauthorized second or successive § 2255 motion.

---

[1]The case was reassigned to the undersigned's docket on June 7, 2023.

## II.    BACKGROUND

In September 2010, a federal jury convicted Movant of: (1) failure to register and to update a registration as a sex offender, in violation of 18 U.S.C. § 2250(a); (2) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B); (3) attempted production of child pornography, in violation of 18 U.S.C. § 2251(a); (4) attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); and (5) committing a felony offense involving a minor while registered as a sex offender, in violation of 18 U.S.C. § 2260 A. (D.I. 12; D.I. 13)  The Honorable Sue L. Robinson sentenced Movant in October 2011 to concurrent 120 month prison terms on Counts One, Two, and Four, along with a mandatory consecutive 120 month prison term on Count Five. (D.I. 124)  Movant was sentenced to mandatory imprisonment for life under 18 U.S.C. § 3559(e) on Count Three,[2] over his objection, because he had two prior Delaware state convictions for second degree unlawful sexual contact. (D.I. 117; D.I. 120; D.I. 123; D.I. 124)  The Third Circuit

---

[2]18 U.S.C. § 3559(e) requires mandatory imprisonment for life for anyone "convicted of a Federal sex offense in which a minor is the victim . . . if the person has a prior sex conviction in which a minor was the victim[.]"  Judge Robinson concluded Movant's conviction to Count Three qualified as a "Federal sex offense" and that Movant's prior conviction for second degree unlawful sexual contact was a "prior sex conviction" as defined in 18 U.S.C. § 3559(e). (D.I. 123)

affirmed Movant's convictions and sentence on direct appeal. *See United States v. Pavulak*, 700 F.3d 651, 675 (3d Cir. 2012).

In March 2014, Movant filed a motion to vacate his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"). (D.I. 135; D.I. 149; D.I. 183)  Movant argued, *inter alia*, that: (1) he was unconstitutionally excluded from the *voir dire* of prospective jurors and never agreed to individual questioning of jurors outside of his presence (Claim One) (D.I. 135 at 5-7; D.I. 178 at 1-7, 8); and (2) defense counsel provided ineffective assistance by waiving Movant's presence during the individual questioning of prospective jurors (Claim Four, Subargument Two) (D.I. 135 at 7-8; D.I. 178 at 7-8, 17).  In support of both arguments, Movant stated that the Government and defense counsel falsely asserted that Movant was in the courtroom when Judge Robinson announced her intention to close the *voir dire* to the public.  (D.I. 178 at 8-11, 13-14)

On March 31, 2017, the Honorable Sue L. Robinson denied Movant's § 2255 Motion in its entirety.  (D.I. 185; D.I. 186)  More specifically, Judge Robinson denied Claim Four, Subargument Two (alleging defense counsel was ineffective for failing to require Movant's presence during the Court's individual *voir dire*) ("IAC Claim") as meritless.  Although Judge Robinson did not explicitly address Movant's allegations about the falsity of the Government's and defense

3

counsel's description of events, Judge Robinson held that Movant failed to satisfy

the prejudice-prong of *Strickland* because he did not demonstrate a reasonable

probability that the outcome of his trial would have been different but for Movant's

absence during the individual *voir dire*.[3]  (D.I. 185 at 16-17)  As for Claim One

(alleging that Movant was unconstitutionally excluded from the Court's individual

*voir dire*), Judge Robinson found that Movant had defaulted the issue by failing to

---

[3]Judge Robinson opined:

> The court conducted most of the questioning of the prospective jurors, with counsel asking follow-up questions. Movant's two experienced criminal defense attorneys were in the jury room, exploring any potential issues that arose as each prospective juror answered questions. Moreover, movant would not have been permitted to question jurors or challenge them for cause even if he had been present in the jury room, because such questions were questions of law for his counsel to deal with. Finally, movant was fully involved in the portion of *voir dire* in which he could have had an impact. He was in the courtroom and able to observe the jurors as they walked to and from the jury room, as they sat in the gallery for hours, and as all questions were read to them. He also conferred with defense counsel about the answers to individual questions. Given all of these circumstances, movant cannot demonstrate that he was prejudiced by his absence from the jury room.

> Thus, the court will deny as meritless movant's contention that defense counsel provided ineffective assistance by waiving his presence during the court's individual voir dire of prospective jurors.

(D.I. 185 at 16)

4

raise his concerns about the *voir dire* procedure during jury selection or on direct appeal. (D.I. 185 at 9-11) Movant attempted to establish cause for his default by blaming defense counsel for not challenging the *voir dire* process during *voir dire* or on direct appeal (IAC Claim – Claim Four, Subargument Two). (D.I. 185 at 11) However, since Movant's IAC Claim was meritless, Judge Robinson rejected Movant's attempt to establish cause and denied Claim One as procedurally barred from review. (*Id.*)

Movant appealed the denial of his § 2255 Motion. The Third Circuit Court of Appeals terminated his appeal on August 9, 2017 after denying his request for a certificate of appealability. (D.I. 189)

On September 4, 2018, Movant filed his first Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(3), Rule 60(b)(6), and Rule 60(d)(3), asking the Court to reconsider its denial of his § 2255 Motion. (D.I. 193) Movant contended that the Court should reconsider its denial of Claim One as procedurally barred because defense counsel lied to the Court during his § 2255 proceeding by submitting an affidavit falsely claiming that Movant had acquiesced to being absent while the individual jurors were questioned. (*Id.* at 3-4, 9-13) Movant also argued that the Government committed fraud by falsely affirming defense counsel's lies. (D.I. 193 at 3, 6-7, 45-47) Asserting that he did not

5

knowingly waive his right to be present during *voir dire*, Movant argued that the closure of the *voir dire* to the public amounted to a structural error warranting a new trial (*Id.* at 15- 18) and defense counsel provided ineffective assistance by forfeiting Movant's right to be present during *voir dire* (*Id.* at 19-20). According to Movant, the Court was required to vacate its denial of his § 2255 motion and reconsider it on the merits because defense counsel's fraud led the Court to erroneously reject the *voir dire* claims he raised in the § 2255 Motion. (D.I. 193 at 22) On March 8, 2019, Movant filed a second Motion for Reconsideration pursuant to Rule 60(b)(6), and then filed a supplement to that Motion on July 12, 2019, both of which challenged the facts used during sentencing to determine that Movant was a recidivist under 18 U.S.C. § 3559(3) and therefore eligible for a mandatory life sentence. (D.I. 194 at 10-14; D.I. 195)

On March 4, 2021, the Honorable Leonard P. Stark dismissed both Motions for Reconsideration for lack of jurisdiction after concluding that they constituted unauthorized second or successive § 2255 motions. (D.I. 202 at 6-9) Movant appealed that decision, reasserting, *inter alia*, his argument that defense counsel and the Government committed fraud upon the Court by misrepresenting what happened during *voir dire*. (*See* Entry No. 12 in *United States v. Pavulak*, C.A. 21-1571 (3d Cir. July 27, 2021)) The Third Circuit Court of Appeals declined to issue

6

a certificate of appealability because "jurists of reason would not debate the

District Court's decision to reject [Movant's] motions seeking relief under Federal

Rules of Civil Procedure 60(b) and 60(d)(3)." *United States v. Pavulak*, 2021 WL

9881497 at *1 (3d Cir. Dec. 6, 2021). The Third Circuit explained:

> [Movant's] motions, which attacked his underlying
> conviction and sentence, constituted unauthorized second
> or successive motions under 28 U.S.C. § 2255. To bring
> a second or successive § 2255 motion, a petitioner must
> obtain authorization from the court of appeals. Because
> [Movant] did not have that authorization, the District
> Court correctly rejected his motions. Even if [Movant's]
> motions were construed as attacking defects in his habeas
> proceedings, relief under Rule 60(b) would not be
> warranted because [Movant] had an opportunity to raise
> his current arguments in his appeal from the denial of his
> § 2255 motion.

*Pavulak*, 2021 WL 9881497, at *1 (cleaned up). Petitioner filed a petition for

rehearing *en banc*, which the Third Circuit denied on April 27, 2022. (*See United*

*States v. Pavulak*, C.A. No. 21-1571, Entry Nos. 18, 23 (3d Cir. 2022)) Petitioner

filed a petition for writ of certiorari, which the United States Supreme Court denied

on January 9, 2023.[4]  *See Pavulak v. United States*, 143 S.Ct. 624 (2023).

---

[4]On March 24, 2020, Movant filed in the Third Circuit an application for leave to
file a second or successive petition pursuant to 28 U.S.C. § 2244(b). (*See* D.I. 1 in
*In re: Paul Pavulak*, C.A. No. 20-1640 (3d Cir. Mar. 24, 2020)) The second or
successive application alleged that Movant had newly discovered evidence of a
*Brady* violation and Fourth Amendment violation. (D.I. 1-1 at 5-13 in *In re: Paul
Pavulak*, C.A. No. 20-1640 (3d Cir. Mar. 24, 2020)) The Third Circuit denied the

On May 23, 2023, Movant filed the pending Rule 60(d)(3) Motion

concerning Judge Robinson's March 31, 2017 denial of his § 2255 Motion. (D.I.

211) The Rule 60(d)(3) Motion contends the Government intentionally used

fraudulent information and evidence during his § 2255 proceedings. (D.I. 211 at

16) More specifically, Movant argues that the Government "intentionally created a

fraudulent scenario by placing [Movant] at a meeting [*i.e.*, pre-*voir dire* discussion

in Judge Robinson's courtroom Movant] did not attend. [The Government] then

solicited [defense counsel] to contribute to the fraudulent rendition, by creating a

fraudulent affidavit, confirming [Movant's] presence, averring to the authenticity

regarding the *voir dire* procedure." (D.I. 211 at 16-17) He asserts that the "trial

transcript proves this was a lie." (*Id.*)

## III.   STANDARD OF REVIEW

As a general rule, motions for reconsideration/relief from judgment on any

grounds are disfavored and granted sparingly. *See Eichelberger v. City of Phila.*,

---

application, holding that Movant did not make "a prima facie showing that he
relies on 'newly discovered evidence that ... would be sufficient to establish by
clear and convincing evidence that no reasonable factfinder would have found him
guilty of the underlying offense' or 'a new rule of constitutional law, made
retroactive to cases on collateral review by the Supreme Court, that was previously
unavailable." (Entry No. 7 in *In re: Paul Pavulak*, C.A. No. 20-1640 (3d Cir. May
18, 2020))

8

2018 WL 3730691, at *1 (E.D. Pa. Aug. 3, 2018); *see also Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Rule 60 of the Federal Rules of Civil Procedure lists the grounds on which reconsideration may be based. For instance, Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In turn, and relevant to the instant issue, Rule 60(d)(3) provides that a court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The concept of "[f]raud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial

9

machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Hobbs v. Pennell*, 2009 WL 1975452, at * 3 (D. Del. Jul. 8, 2009). Relief under Rule 60(d)(3) is available upon a showing of: (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that "in fact deceives the court." *Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013). A party seeking to reopen a case under Rule 60(d)(3) must establish fraud upon the court by clear and convincing evidence. *See Fake v. Pennsylvania*, 830 F. App'x 712, 713 (3d Cir. 2020).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied a movant's § 2255 motion, the court must first determine if the motion constitutes a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., United States v. Edwards*, 309 F.3d 110, 113 (3d Cir. 2002) (acknowledging that "the majority of circuit courts … have held that the Rule 60(b)(motion to vacate a judgment denying habeas either must or may be treated as a second or successive habeas petition"); *United States v. Franklin*, 2005 WL 435224, at *3 (E.D. Pa. Feb. 23, 2005) (explaining that, "before looking at the merits of Mr. Franklin's [Rule 60(b)] motion, it must first be determined whether it is, in essence, a second or

10

successive motion to vacate, set aside, or correct the sentence pursuant to 28

U.S.C. § 2255."). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a
> petitioner's Rule 60(b) motion attacks the manner in
> which the earlier habeas judgment was procured and not
> the underlying conviction, the Rule 60(b) motion may be
> adjudicated on the merits. However, when the Rule 60(b)
> motion seeks to collaterally attack the petitioner's
> underlying conviction, the motion should be treated as a
> successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Although the Third Circuit has not addressed the applicability of the second

or successive bar with respect to Rule 60(d) motions in a precedential decision, the

Court notes that the Third Circuit expressly applied the second or successive bar to

Movant's first and second Rule 60(b) and 60(d)(3) Motions for Reconsideration in

this case (D.I. 193; D.I. 194) because those reconsideration motions "attacked his

underlying conviction and sentence." *Pavulak*, (D.I. 210 at 1). The Court further

notes that several circuit courts have held that AEDPA's second or successive rule

applies regardless of whether the reconsideration motion is filed under Rule 60(b)

or Rule 60(d). *See Yellowbear v. Hill,* 859 F. App'x 295, 299 (10th Cir. 2021)

(explaining "the fact that [the petitioner] presented his Rule 60(b) motion in a

pleading styled as an independent action under Rule 60(d)(1), does not change the

analysis we use to determine if his pleading is an unauthorized second or

11

successive § 2254 habeas petition."); *Christian v. Thomas*, 982 F.3d 1215, 1221 n.

5 (9th Cir. 2020) ("We analyze whether a filing advances an unauthorized claim

under AEDPA using this same standard regardless of whether the original filing is

a Rule 60(b) motion or, as here, a Rule 60(d) independent action."); *Johnson v.

Davis*, 746 F. App'x 375, 380 (5th Cir. 2018) (explaining that Rule 60(d)(1)

motions are affected by AEDPA's second or successive bar); *Gonzalez v. Sec'y for

Dep't of Corr.*, 366 F.3d 1253, 1277 n.11 (11th Cir. 2004).

## IV.   DISCUSSION

Although Movant couches the instant Rule 60(d)(3) Motion in terms of fraud

that occurred during his § 2255 proceeding, the Motion re-asserts the same

argument concerning the Government's and defense counsel's fraudulent

representations about *voir dire* that he raised in Clams One and Four, Subargument

Two, of his § 2255 Motion challenging his underlying conviction.  The instant

Rule 60(d)(3) Motion also reasserts the same allegation of fraud raised in Movant's

first Motion for Reconsideration.  (*See* D.I. 193 at 3-4, 6-7, 9-13, 6-7, 45-47; D.I.

202 at 3, 5-6)  When denying Movant's earlier Motion for Reconsideration, Judge

Stark opined:

> In his § 2255 Motion, Movant argued that defense counsel
> provided ineffective assistance by failing to ensure
> Movant's presence during the closed *voir dire*.  In his
> Reply to the Government's Answer, Movant stated, "The

[Government] provided false testimony and defense
attorney [] swore to a false affidavit when they placed
[Movant] in attendance at the critical morning meeting on
09-20-10." Movant also asserted that defense counsel
"offered this false affidavit to conceal his failure to protect
[Movant's] constitutional and Rule 43(a) rights." Within
the context of Movant's ineffective assistance of counsel
arguments, Judge Robinson ruled that Movant was not
prejudiced by any error – assuming there was any error –
of defense counsel with respect to Movant's absence
during the individual *voir dire*. Movant then presented the
same argument concerning defense counsel's
misrepresentations to the Third Circuit in his motion for a
certificate of appealability, which the Third Circuit denied.

Distilled to its core, Movant's present complaint about
defense counsel's affidavit merely re-litigates his original
argument that he was not in the courtroom and did not
consent when Judge Robinson decided to have the jury
provide its answers to *voir dire* questions in private. For
these reasons, the Court concludes that Claims One
through Four in Movant's first Rule 60(b) Motion together
constitute a second or successive habeas request.

(D.I. 202 at 6-7)

The foregoing record demonstrates that the instant Rule 60(d)(3) motion

constitutes a second or successive § 2255 motion because it attempts to relitigate

an issue already decided. *See Pridgen,* 380 F.3d at 726-27. Since there is no

indication that the Third Circuit Court of Appeals authorized the filing of the

pending Rule 60(d)(3) Motion, the Court will dismiss the Rule 60(d)(3) Motion for

lack of jurisdiction because it constitutes an unauthorized second or successive §

13

2255 motion.[5]  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## V.    CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant Rule 60(d)(3) Motion for lack of jurisdiction because it constitutes an unauthorized second or successive § 2255 motion.  In addition, the Court will not issue a certificate of appealability, because Movant has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); s*ee United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011).  A separate Order will be entered.

Dated: June 28, 2024

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[5]Nothing in the Rule 60(d)(3) Motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Therefore, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit.

14